09-4439-cr
*USA v. Porbeni*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

PRESENT:   DEBRA ANN LIVINGSTON
                      DENNY CHIN,
                                       *Circuit Judges*,
                      DAVID G. LARIMER,
                                       *District Judge*.*

---

UNITED STATES OF AMERICA,
          *Appellee*,

   -v.-                                              No. 09-4439-cr

PREZIDOR PORBENI,
          *Defendant*,

TARE PORBENI, also known as Teresa Cole, also known as Aisha James,
          *Defendant-Appellant.*

---

                              COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., New York, New York, *for Defendant-Appellant*.

                              BRIAN R. BLAIS, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney, Southern District of New York, New York, New York, *for Appellee*.

---

*The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Tare Porbeni ("Porbeni") appeals from an October 15, 2009 judgment of the United States District Court for the Southern District of New York (Daniels, *J.*), convicting her, upon her guilty plea, of one count of conspiring to make false statements in loan applications and to commit identity theft, in violation of 18 U.S.C. § 371, three counts of making false statements in a loan application, in violation of 18 U.S.C. § 1014, and three counts of transferring, possessing, and using a means of identification of another person with the intent to commit unlawful activity, in violation of 18 U.S.C. § 1028(a)(7) and (c)(3), and sentencing her to five months' imprisonment, followed by three years' supervised release, five months of which were to be served on home confinement, as well as forfeiture of $7,500, restitution of $39,500, and a $700 special assessment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Porbeni's sole argument on appeal is that the district court erred in failing to advise her on the record at her guilty plea allocution that she was subject to a restitution penalty. *See* Fed. R. Crim. P. 11(b)(1)(K) (requiring a district court to "inform the defendant of, and determine that the defendant understands, . . . the court's authority to order restitution"). Porbeni argues that, since she was not advised of the potential for restitution by the district court during the plea colloquy, her restitution order should be vacated or, in the alternative, she should be permitted to withdraw her guilty plea. As Porbeni concedes, however, neither she nor her trial counsel objected to the Probation Department's recommendation of restitution in the presentence report or to the imposition of restitution at the time of sentencing. Accordingly, we review Porbeni's challenge to the restitution order for plain error, and find none. *See United States v. Flaharty*, 295 F.3d 182, 195 (2d Cir. 2002) (explaining that plain error review requires a defendant to demonstrate, *inter alia*, "that (1) there was error, (2) the error was 'plain,' [and] (3) the error prejudicially affected his 'substantial

2

rights'" (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993))).

As an initial matter, there is no dispute that the district court was statutorily empowered to order the restitution at issue. Although the district court did not inform Porbeni about the restitution penalty prior to accepting her plea, Porbeni must, in order to demonstrate plain error, show "a reasonable probability that, but for the error, [s]he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *accord United States v. Vaval*, 404 F.3d 144, 151 & n.3 (2d Cir. 2005). Porbeni has failed to satisfy this burden. First, contrary to her assertion on appeal, Porbeni's plea agreement did, in fact, inform her of the district court's duty to order restitution. The Probation Department's presentence report, moreover, recommended that Porbeni be required to pay restitution in the amount of $39,500, as required under 18 U.S.C. §§ 3663A and 3664. Prior to sentencing, Porbeni's counsel confirmed that she had reviewed the presentence report with Porbeni, and that there were no objections. Finally, the district court informed Porbeni that her guilty plea would subject her to a potential fine of up to $4,000,000. *Cf. Vaval*, 404 F.3d at 152. When a defendant, prior to sentencing, "learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw h[er] plea based on that violation, there can be no reasonable probability that, but for the [Rule 11 violation], [s]he would not have entered the plea." *Id.* (second alteration in original) (internal quotation marks omitted). Accordingly, in light of the record before us, we cannot conclude that there is a reasonable probability that Porbeni would not have pleaded guilty if the district court had informed her about the restitution penalty prior to accepting her plea. We have considered all of Porbeni's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk